UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-392-RJC-DSC

| | |
|---|---|
| BILLY QUINTON GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CHARLOTTE MECKLENBURG POLICE )<br>DEPARTMENT, THE CITY OF CHARLOTTE, )<br>OFFICER DANIEL BIGNALL, individually and )<br>as a police officer for the Charlotte Mecklenburg )<br>Police Department, OFFICER BRANDON C. )<br>WILLIAMSON, individually and as a police )<br>officer for the Charlotte Mecklenburg Police )<br>Department, OFFICER RODNEY MONROE, )<br>individually and as chief of the Charlotte )<br>Mecklenburg Police Department, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on the following: (1) Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 25); (2) Defendants' Motion for Summary Judgment, Supporting Memoranda, and Exhibits, (Doc Nos. 26 to 26-5); (3) Plaintiff's Response to Defendants' Motion for Summary Judgment, (Doc. No. 32); and (4) Defendants' Reply, (Doc. No. 33). The motions have been fully briefed, and the issues are ripe for adjudication.

**I.     BACKGROUND**

This civil action arises out of the traffic stop and subsequent arrest of Plaintiff Billy Quintin Graham ("Plaintiff") on April 30, 2011. The record establishes, the parties agree, and/or the parties do not dispute the following. On April 30, 2011, Charlotte-Mecklenburg Police Department ("CMPD") Officers Daniel Bignall ("Officer Bignall") and Brandon Williamson

("Officer Williamson") (collectively, the "Officers") were on patrol in the Freedom Division. (Doc. No. 26-3 at 2, 6). At approximately 2:16 a.m., the Officers observed a black Honda CRV pull out of an apartment complex onto Thomasboro Avenue. (Id. at 2, 6). The Officers pulled in behind the vehicle and followed it. (Id.). The Officers observed that the words "North Carolina" on the vehicle's license plate were partially obstructed by a plate cover. (Doc. No. 26-2). Both Officers knew this was a violation of North Carolina General Statute section 20-63(g), so they initiated a traffic stop on Freedom Drive. (Doc. No. 26-3 at 2, 6).

Officer Bignall approached the vehicle on the driver's side and spoke with the driver, and Officer Williamson approached the passenger side. (Id.). Officer Bignall explained what the Officers had observed and the reason for the traffic stop. (Id.). The driver gave Officer Bignall a driver's license which identified the driver to be Plaintiff Billy Quinton Graham. (Id.). Officer Bignall asked Plaintiff if he could search the vehicle, and Plaintiff consented to the search. (Id. at 3, 6). Plaintiff exited and moved to the rear of the vehicle to stand beside Officer Williamson. (Id.). Officer Bignall shined his flashlight into the vehicle, and he observed what appeared to be several pieces of crack cocaine on the driver's side floor of the vehicle in the approximate area where Plaintiff's feet were located before he exited. (Id.). Officer Bignall's view of the substance on the floor board was unobstructed and in plain view. (Id.).

Both Officers observed the substance and, based upon their observations, training, and experience in the enforcement of drug laws in North Carolina, they immediately believed the substance discovered in Plaintiff's vehicle to be cocaine. (Id. at 3, 7). Therefore, they arrested Plaintiff for the possession of cocaine, which is a schedule II substance. (Id.). The Officers handcuffed Plaintiff and put him in the patrol car. (Doc. 1-1 ¶23). The Officers bagged the substance and turned it over to CMPD property control. (Doc. No. 26-3 at 3, 7). The substance

was submitted to the crime lab to be analyzed, and the analysis later revealed that the substance was not cocaine. (Id.). The District Attorney then dismissed the charges of cocaine possession against Plaintiff. (Id.).

Plaintiff commenced this action in North Carolina Superior Court, Mecklenburg County, against Defendants on May 19, 2014. (Doc. No. 1-1). His Complaint asserts four claims: (1) civil rights violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983; (2) false imprisonment; (3) assault and battery; and (4) intentional infliction of emotional distress. Defendants removed the action to this Court on July 16, 2014. (Doc. No. 1). On April 15, 2015, Defendants filed their Motion to Dismiss for Failure to State a Claim, (Doc. No. 25), and their Motion for Summary Judgment, (Doc No. 26). Because Defendants have presented and relied upon affidavits and other documents outside of the pleadings, their Motion to Dismiss shall be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Additionally in light of Defendants' concurrently filed Motion for Summary Judgment, (Doc. No. 26), the Court finds that Defendants' Motion to Dismiss, (Doc. No. 25), is moot.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). This "burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party, which "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. The nonmoving party may not rely upon mere allegations or denials of allegations in the pleadings to defeat a motion for summary judgment, rather it must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Id. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations omitted).

### III. DISCUSSION

Plaintiff asserts all four of his claims against all Defendants. All of Plaintiff's claims are based upon his core allegations that the Officers stopped his vehicle without probable cause and subsequently searched his vehicle without consent or probable cause. (Doc. No. 1-1 ¶28). Defendants have sufficiently shown an absence of evidence to support Plaintiff's claims, and

Plaintiff has failed to set forth specific facts supporting his claims to show that there is a genuine issue for trial. Therefore, summary judgment in Defendants' favor is appropriate.

The Fourth Amendment to the United States Constitution guarantees a person's right "against <u>unreasonable</u> searches and seizures." U.S. Const. amend IV (emphasis added). The operative word is "unreasonable." The temporary detention of individuals during a traffic stop by the police does constitute a seizure; however, such a seizure "is reasonable where the police have probable cause to believe that a traffic violation has occurred." <u>Whren v. United States</u>, 517 U.S. 806, 809–10 (1996). "[O]nce a vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." <u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 111 n.6 (1977). Furthermore, the subjective intentions of the officers conducting the traffic stop are irrelevant to whether the stop was reasonable. <u>Whren</u>, 517 U.S. at 813–14.

Plaintiff does not dispute the general facts and events surrounding the traffic stop and his subsequent arrest on April 30, 2011. The evidence shows that the vehicle Plaintiff was driving had a partially obstructed license plate. Operating a vehicle with a partially covered license plate is a clear violation of North Carolina General Statute section 20-63(g), which is a Class 2 misdemeanor. Upon observing the covered license plate, Officers Bignall and Williamson knew that a traffic violation had occurred, and they had probable cause to stop Plaintiff. Therefore, the traffic stop was lawful and did not infringe upon any of Plaintiff's Constitutional rights. Consequently, the Court finds that Plaintiff's allegation that the Officers did not have probable cause to stop his vehicle fails.

After the lawful traffic stop, Officer Bignall was completely within the law to order

Plaintiff to exit his vehicle. Pennsylvania v. Mimms, 434 U.S. at 111 n.6. Furthermore, Officer Bignall asked Plaintiff if he could search the vehicle, and Plaintiff consented to the search. (Id. at 3, 6). Plaintiff has not put forth any evidence indicating that he did not consent to the search. Even without consent, however, the Officers lawfully discovered the suspected contraband. When Officer Bignall shined his flashlight into the car, he observed the suspected contraband in plain view on the driver's side floor board of the vehicle. (Id.). Under the plain-view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). The Officers were lawfully in a position to view the object during the traffic stop; they immediately believed the object was crack cocaine; and they had a lawful right of access to the object. See Texas v. Brown, 460 U.S. 730, 739–40 (1983) (holding that contraband on car seat in plain view of officer who had stopped car and asked for driver's license was properly seized). The Court finds that the Officers lawfully discovered and seized the object from Plaintiff's vehicle pursuant the plain-view doctrine. Therefore, Plaintiff's allegation that the Officers unlawfully searched his vehicle and seized the suspected contraband also fails.

Furthermore, even if the original basis upon which Plaintiff was arrested turned out to be baseless (i.e., possession of cocaine), the Officers could lawfully arrest Plaintiff so long as they had probable cause to arrest him for any offense (i.e., license plate violation). See Devenpeck, 543 U.S. at 152–55. The Officers could have arrested Plaintiff for his violation of North Carolina General Statute section 20-63(g). See Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (holding that, if a police officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, the officer may arrest that

individual). Plaintiff's traffic violation, therefore, established probable cause for his arrest. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Therefore, the fact that the substance discovered in Plaintiff's vehicle and believed to be cocaine was later determined not to be cocaine is irrelevant. Consequently, the Court finds that the Officers lawfully detained and arrested Plaintiff.

Plaintiff may not rely upon mere allegations or denials of allegations in the pleadings to defeat a motion for summary judgment, rather he must present sufficient evidence from which a reasonable jury could return a verdict in his favor. Plaintiff has failed to present such evidence, and therefore, summary judgment should be entered against him. The Court finds that the initial traffic stop of Plaintiff was lawful, the subsequent discovery and seizure of the suspected contraband was lawful, and Plaintiff's arrest was lawful. There is no evidence indicating that any of Plaintiff's Constitutional rights were violated by the events that occurred on April 30, 2011, and therefore, Plaintiff's claim for relief pursuant to 42 U.S.C. § 1983 should be **dismissed**. Plaintiff's other state-law claims of false imprisonment, assault and battery, and intentional infliction of emotional distress all stem from the same set of facts and alleged Constitutional violations. Having found that there were no Constitutional violations and that the Officers' conduct in and around the arrest of Plaintiff on April 30, 2011, was lawful, Plaintiff's three state-law claims should also be **dismissed**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment, (Doc No. 26), is **GRANTED**. All Plaintiff's claims against all Defendants shall be **DISMISSED with prejudice**, and the Clerk of Court is hereby directed to close this case.

Signed: October 19, 2015

Robert J. Conrad, Jr.
United States District Judge